UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND


BRENDA LOIS HOWE                         :
                                         :
            v.                           :        C.A. No. 14-544M
                                         :
CAROLYN COLVIN                           :
Commissioner of the Social Security      :
Administration                           :


**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge


        This matter is before the Court for judicial review of a final decision of the Commissioner

of the Social Security Administration ("Commissioner") denying Disability Insurance Benefits

("DIB") and Supplemental Security Income benefits ("SSI") under the Social Security Act (the

"Act"), 42 U.S.C. § 405(g).  Plaintiff filed her Complaint on December 22, 2014 seeking to reverse

the decision of the Commissioner.   On June 19, 2015, Plaintiff filed a Motion to Reverse the

Defendant's Final Decision Without a Remand for Rehearing or in the Alternative Reverse with a

Remand for Rehearing.  (Document No. 18).  On July 22, 2015, the Commissioner filed a Motion

to Affirm her Decision.  (Document No. 19).

        This matter has been referred to me for preliminary review, findings and recommended

disposition.  28 U.S.C. § 636(b)(1)(B); LR Cv 72.  Based upon my review of the record, the parties'

submissions and independent research, I find that there is substantial evidence in this record to

support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning

of the Act.  Consequently, I recommend that the Commissioner's Motion (Document No. 19) be GRANTED and that Plaintiff's Motion (Document No. 18) be DENIED.

## I.      PROCEDURAL HISTORY

Plaintiff filed applications for SSI (Tr. 193-202) and DIB (Tr. 191-192) on August 19, 2011 alleging disability since February 1, 2009.  Plaintiff's date last insured for DIB is December 31, 2012.  (Tr. 36).  The applications were denied initially on February 17, 2012 (Tr. 70-78) and on reconsideration on February 27, 2012.  (Tr. 101-110).  On February 27, 2012, Plaintiff requested an Administrative hearing.  On March 25, 2013, a hearing was held before Administrative Law Judge Martha Bower (the "ALJ") at which time Plaintiff, represented by counsel, a vocational expert ("VE") and a medical expert ("ME") appeared and testified.  (Tr. 33-68).  On June 13, 2013, the ALJ issued a partially favorable decision finding Plaintiff disabled from July 31, 2010 to October 20, 2011 but not thereafter.  (Tr. 12-30).  The Appeals Council denied Plaintiff's request for review on October 29, 2014.  (Tr. 1-3).  Therefore the ALJ's decision became final.  A timely appeal was then filed with this Court.

## II.     THE PARTIES' POSITIONS

Plaintiff argues that the ALJ erred by relying upon the testimony of an unqualified medical expert, by refusing to accept an untimely filed medical opinion, and by reaching an unsupported conclusion of medical improvement.

The Commissioner disputes Plaintiff's claims and contends that the medical expert was sufficiently qualified to opine on Plaintiff's medical conditions, that Plaintiff has not shown good cause for the late-tendered evidence, and that the ALJ's RFC assessment and non-disability finding are supported by substantial evidence.

### III.     THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact.  Rodriguez Pagan v. Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).  The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  Frustaglia v. Sec'y of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law.  Nguyen v. Chater, 172 F.3d  31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled.  Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. <u>Seavey</u>, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. <u>Id.</u>; <u>accord</u> <u>Brenem v. Harris</u>, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. <u>Freeman v. Barnhart</u>, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. <u>Diorio v. Heckler</u>, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. <u>Freeman</u>, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for

failure to submit the evidence at the administrative level.  See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant.  Id.  With a sentence six remand, the parties must return to the court after remand to file modified findings of fact.  Id. The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings.  Id.

## IV.   THE LAW

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A.   Treating Physicians

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise.  See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d).  If a treating physician's opinion on the nature and severity of a claimant's impairments, is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight.  20 C.F.R. § 404.1527(d)(2).  The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported

by objective medical evidence or is wholly conclusory.  See Keating v. Sec'y of Health and Human Servs., 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments.  See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986).  When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion.  20 C.F.R § 404.1527(c).  However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion.  See 20 C.F.R. § 404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled.  However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability.  20 C.F.R. § 404.1527(e).  The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner.  20 C.F.R. § 404.1527(e).  See also Dudley v. Sec'y of Health and Human Servs., 816 F.2d 792, 794 (1st Cir. 1987).

### B.      Developing the Record

The ALJ has a duty to fully and fairly develop the record.    Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991).  The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained.  See 42 U.S.C. § 406; Evangelista v. Sec'y of Health and Human Servs., 826 F.2d 136, 142 (1st Cir. 1987).  The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel.  Id.  However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty.  See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C.      Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986).  In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision.  Carrillo Marin v. Sec'y of Health and Human Servs., 758 F.2d 14, 17 (1st Cir. 1985).

### D.      The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability.   See 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, she is not

disabled.   20 C.F.R. § 404.1520(b).   Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f).  Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five.  Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B).  Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act.  Seavey, 276 F.3d at 5.  The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits.  Deblois v. Sec'y of Health and Human Servs., 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c).  If a claimant

becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability.  Id.

### E.    Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy.  Seavey, 276 F.3d at 5.  In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant.  Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989).  This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids").  Seavey, 276 F.3d at 5.  Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors.  Id.; see also Heckler v. Campbell, 461 U.S. 458, 103 S. Ct. 1952, 76 L.Ed.2d 66 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills.  Nguyen, 172 F.3d at 36.  In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert.  Heggarty, 947 F.2d at 996.  It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy.  See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981).  In any event, the ALJ must make a specific finding as to whether the non-

exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1.    Pain

"Pain can constitute a significant non-exertional impairment."  Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence.  20 C.F.R. § 404.1528.  In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

(1)    The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

(2)    Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

(3)    Type, dosage, effectiveness, and adverse side-effects of any pain medication;

(4)    Treatment, other than medication, for relief of pain;

(5)    Functional restrictions; and

(6)    The claimant's daily activities.

Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 29 (1ˢᵗ Cir. 1986).  An individual's statement as to pain is not, by itself, conclusive of disability.  42 U.S.C. § 423(d)(5)(A).

####    2.    Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  Rohrberg, 26 F. Supp. 2d at 309.  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  See Frustaglia, 829 F.2d at 195.  The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true.  See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1ˢᵗ Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case.  See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11ᵗʰ Cir. 1982).  If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding."  Foote v. Chater, 67 F.3d 1553, 1562 (11ᵗʰ Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11ᵗʰ Cir. 1983)).

### V.    APPLICATION AND ANALYSIS

Plaintiff was forty-eight years old on the date of the ALJ's decision.  Plaintiff has a high school education and worked in the relevant past as a shipping and receiving clerk, order picker and storage facility rental clerk.  (Tr. 37, 62).  Plaintiff alleged disability due to back and right shoulder impairments.  (Tr. 21).  She suffered a work-related back injury in 2009 and ultimately had a laminectomy and fusion of L5-S1 procedure on April 20, 2011 followed by a course of physical

therapy.  (Tr. 22).  Also, she underwent a right arthrascopic rotator cuff repair procedure on September 11, 2012, followed by a course of physical therapy.  (Tr. 24).

### A.     The ALJ's Decision

The ALJ decided this case at Step 5 with a partially favorable finding that Plaintiff was disabled from July 31, 2010 through October 20, 2011 but not thereafter.  At Step 2, the ALJ determined that Plaintiff's back and shoulder conditions were "severe" impairments as defined by 20 C.F.R. §§ 404.1520(c) and 416.920(c). (Tr. 21).  At Step 3, the ALJ found that Plaintiff's back impairment was severe enough to meet Listing 1.04 from July 31, 2010 through October 20, 2011. Id.  However, the ALJ also found that Plaintiff's condition medically improved as of October 21, 2011 to permit her to perform a limited range of sedentary work.  (Tr. 23-25).  Based on this RFC and testimony from the VE, the ALJ concluded that Plaintiff could not perform her past relevant work but could make a successful adjustment to other unskilled sedentary positions present in the economy.  (Tr. 28-29).  Thus, the ALJ found that she was not disabled within the meaning of the Social Security Act after October 20, 2011.  Id.

### B.     The Late-tendered Evidence

On Thursday, March 21, 2013, Plaintiff's counsel submitted a lumbar spine RFC questionnaire completed on October 7, 2011 by Plaintiff's Neurosurgeon, Dr. Deus Cielo, at the request of counsel. (Exh. 32F).  The ALJ hearing was scheduled for Monday, March 25, 2013.  In a cover letter, Plaintiff's counsel advised that "[w]hile this submission is...clearly within violation of the Five (5) Day Rule, We are kindly asking that you please accept this document as it was inadvertently attached to another medical record."  (Tr. 588).

The so-called "Five-day Rule" is contained in 20 C.F.R. § 405.331(a) which requires that "[a]ny written evidence that you wish to be considered at the hearing must be submitted no later than five business days[1] before the date of the scheduled hearing."  In the event of a late filing, the ALJ "may" decline to consider the evidence unless (1) the Commissioner's action misled the claimant; (2) the claimant had a physical, mental, educational or linguistic limitation that prevented earlier submission; or (3) some other unusual, unexpected or unavoidable circumstance beyond the claimant's control prevented him from submitting the evidence earlier. 20 C.F.R. § 405.331(b). The standard to excuse the late filing of evidence has been described as a "rather rigorous" one.  See Raymond v. Astrue, No. 1:12-cv-92-DBH, 2012 WL 6913437) (D.Me. Dec. 31, 2012).

Here, the ALJ asked Plaintiff's counsel at the hearing for his argument for waiver of the Five-day Rule. (Tr. 36).  He responded as follows: "Your Honor, unfortunately, it was attached to another document.  When I was reviewing the file, my paralegal found that it wasn't sent because it unfortunately got attached to another paper in the file.  That's our only excuse." (Tr. 36).  The ALJ did not find this excuse sufficient to waive the Five-day Rule. (Tr. 50).  Thus, the ALJ exercised her discretion under 20 C.F.R. § 405.331 to decline to consider the late-tendered evidence.  See Raymond, 2012 WL 6913437 at *2 (applying abuse of discretion standard to application of Five-day Rule).

Plaintiff argues that remand is warranted because the ALJ made an "error of law" under 20 C.F.R. § 405.331(b)(3) by not admitting the RFC questionnaire into evidence because it was inadvertently paper clipped to another document. (Document No. 18-1 at p. 11).  She contends it

---

[1] Plaintiff suggests that the document was submitted only one day late since it was received four days before the hearing. (Document No. 18-1 at p. 11).  However, the rule speaks in terms of "business days" and thus the document was actually three days late.

was "an unavoidable circumstance, and was certainly not due to any fault on behalf of the Plaintiff and certainly an unavoidable circumstance beyond her control." Id.

Plaintiff's counsel has not shown that his clerical mistake was unavoidable or that the ALJ committed any legal error in applying 20 C.F.R. § 405.331(b)(3) to these facts. While it is admirable that Plaintiff's counsel takes "full responsibility" for the mistake, (Tr. 281), "the actions of a privately retained attorney are imputed to the client." Kellum v. Comm'r of SSA, 295 Fed. Appx. 47, 50 (6th Cir. 2008) (collecting cases).[2]

The issue presented to the Court is not whether this Court would have admitted the late-tendered evidence but whether the ALJ misapplied § 405.331 or otherwise abused the discretion given to her by that Regulation. See Benetti v. Barnhart, 193 Fed. Appx. 6, 2006 WL 2555972 (1st Cir. Sept. 6, 2006) (per curiam) (citing Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1 (1st Cir. 1987)) ("The ALJ's resolution of evidentiary conflicts must be upheld if supported by substantial evidence, even if contrary results might have been tenable also."). Plaintiff has not shown any legal error or abuse of discretion by the ALJ. In particular, Plaintiff has not cited any cases to the Court in which a court found a lawyer's clerical mistake to constitute an "unavoidable circumstance" beyond his or her control. On the other hand, the Commissioner cites multiple cases for the proposition that a miscommunication between counsel and his staff does not constitute an "unavoidable circumstance." See Black v. Astrue, No. 1:10-cv-175-JAW, 2011 WL 1226027 at *5 (D.Me. March 29, 2011); and Beaucage v. Astrue, 2:10-326, 2011 WL 2600978 at *3 (D.Me. June 29, 2011). While the

---

[2] Plaintiff did not file a reply brief and thus failed to counter any of the Commissioner's legal arguments as to the application of 20 C.F.R. § 405.331(b)(3) to these facts. This includes the Commissioner's argument with supporting citation that counsel's mistakes are attributed to Plaintiff. (Document No. 19 at p. 16). Thus, much of the Commissioner's argument on this point is unopposed.

application of the Five-day Rule may dictate a seemingly harsh result in certain circumstances, the Rule must be considered in the context of the heavy Social Security caseload and the legitimate case management concerns that led to its promulgation.  See Newcomb v. Astrue, No. 2:11-cv-02-GZS, 2012 WL 47961 at *10 n.7 (D.Me. Jan. 6, 2012) (the Rule ensures that the ALJ and any testifying experts will have adequate time to review the record before the hearing and not require postponement of the hearing).  If carelessness or the mere disorganization of an attorney's files were sufficient to meet the "rather rigorous" standard set forth in § 405.331(b)(3), then the rule would effectively be swallowed by its exceptions.   Plaintiff has shown no legal error in the ALJ's conclusion that her untimely submission of Exhibit 32F was not due to an unusual, unexpected or unavoidable circumstance beyond her or her attorney's control.   Thus, the ALJ did not abuse her discretion in refusing to admit and consider the Exhibit.

### C.    Plaintiff Has Shown No Error in the ALJ's Evaluation of the Medical Evidence

The ALJ was faced with conflicting medical opinions in this case.  First, Dr. McGonigle, Plaintiff's primary care physician, opined on March 15, 2013 that Plaintiff was significantly limited by her back impairment and unable to "participate in sustained full-time competitive employment." (Ex. 28F).  Second, the non-examining state agency physicians, Dr. Bennett and Dr. Hanna, opined, based on the medical records as of February and April 2012, respectively, that Plaintiff was able to perform a range of light work and was able to perform past relevant work.  (Exh. 2A and 6A). Finally, a medical expert, Dr. Pella, opined at the hearing on March 25, 2013 that, although Plaintiff met Listing 1.04(a) as of July 2010, her back impairment had improved enough as of October 2011 to allow her to perform sedentary-level work.  (Tr. 47).  Dr. Pella also opined that any limitation

from Plaintiff's rotator cuff impairment would be "under 12 months total" and thus not a severe impairment. Id.

Ultimately, after weighing this conflicting evidence, the ALJ chose to give "substantial weight" to Dr. Pella's opinion as to Plaintiff's back impairment. (Tr. 28). She rejected Dr. Pella's opinion as to the rotator cuff impairment and found that it could conceivably meet the durational requirement and thus is a severe impairment. (Tr. 24 n.3). As to Dr. McGonigle's opinions, the ALJ found it to be based primarily on subjective complaints, not consistent with other evidence of record, not that of a specialist and "neither controlling nor persuasive." (Tr. 28). Finally, the ALJ found Dr. Pella's opinion to be "more persuasive" than the non-examining physicians, Dr. Bennett and Dr. Hanna. Id. In other words, the ALJ essentially adopted the middle ground opinion of Dr. Pella that Plaintiff's back impairment had improved enough as of October 2011 to allow her to perform a limited range of unskilled, sedentary work.

Plaintiff presents two arguments to attack the ALJ's ultimate conclusion. First, Plaintiff contends that Dr. Pella was not qualified to render an opinion as to her back impairment because he is not an orthopedist or neurosurgeon. Plaintiff cites absolutely no legal authority to support this argument. (Document No. 18-1 at p. 9). In discussing Dr. Pella's opinion, the ALJ noted that Dr. Pella reviewed the entire medical record, was present for Plaintiff's testimony and has "vast knowledge" of the Social Security program and its regulations. (Tr. 28). Dr. Pella testified that his speciality is internal medicine (Tr. 46) and that he had previously treated patients with back impairments. (Tr. 51). While the ALJ was, of course, entitled to consider Dr. Pella's area of specialization in weighing his opinion, see 20 C.F.R. §§ 416.927(e)(2)(iii), (c)(5), Plaintiff has offered no support for her argument that Dr. Pella is unqualified as a matter of law. He is a qualified

medical professional.  The ALJ was required to evaluate his opinion and articulate the weight given to such opinion.  The ALJ did so.

Second, Plaintiff argues that there is not sufficient medical evidence to support Dr. Pella's opinion and thus the ALJ was "erroneous to accept the testimony of Dr. Pella on medical improvement."  (Document No. 18-1 at p. 15).  In particular, Plaintiff argues that Dr. Pella "incredulously based his opinion on the general theory that most people recover from lumbar laminectomy surgeries within six (6) months."  Id.  Plaintiff is incorrect.  Dr. Pella did not singularly "base" his opinion on this purported six-month "general theory."  The chronological drawing of a medical improvement "line" is necessarily arbitrary to a degree.  Dr. Pella did not simply draw the line at six months post-surgery in a vacuum.  He reviewed and evaluated the entire medical record and opined that six months was "relatively standard" in cases such as this with "signs of improvement neurologically."  (Tr. 48).  He observed that Plaintiff's previous MRI showed very localized impingement and he found the Plaintiff's reported symptoms to be "disproportionate to the objective findings on imaging studies."  (Tr. 48, 54).

Plaintiff has not identified any legal error in the ALJ's evaluation of the medical evidence. Plaintiff is effectively asking this Court to re-weigh conflicting medical evidence and assign different weights to the competing medical opinions than the ALJ did.  That is not this Court's role.  Dr. Pella's medical opinions support the ALJ's determination and thus constitute substantial evidence. While this Court, or even another ALJ, may have reached a different ultimate conclusion on this same record, that is not a legally sufficient reason for reversal and remand.  Plaintiff has simply shown no reversible error in this close case.

-17-

## VI.    CONCLUSION

For the reasons discussed herein, I recommend that the Commissioner's Motion to Affirm Her Decision (Document No. 19) be GRANTED and that Plaintiff's Motion to Reverse the Defendant's Final Decision Without a Remand for Rehearing or in the Alternative Reverse with a Remand for Rehearing (Document No. 18) be DENIED.  Further, I recommend that Final Judgment enter in favor of Defendant.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  <u>See</u> Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 7, 2015