UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRENDA LOIS HOWE,
    Plaintiff,

v.                                                       C.A. No. 14-544-M-LDA

CAROLYN W. COLVIN,
Commissioner of Social Security
Administration,
    Defendant.

## ORDER

Days before her Social Security disability hearing, claimant Brenda Lois Howe's counsel sent the Administrative Law Judge Martha Bower a medical record that he did not submit with all of the other records due to a clerical error. The ALJ, without explanation or comment, refused to accept the medical record because it was not submitted five days prior to the hearing in violation of the "Five Day Rule." *See* 20 C.F.R. § 405.331(a). Based on this incomplete record, the ALJ granted Ms. Howe benefits for a partial period of disability from July 2010 until October 2011, but not thereafter.

Before the Court is Ms. Howe's objection to the Magistrate Judge's Report and Recommendation (R&R) denying her motion to reverse the ALJ's decision. (ECF No. 23). The Magistrate Judge found that the ALJ properly rejected the late record and properly evaluated the medical evidence in rejecting most of Ms. Howe's disability claim. Because a review of the record establishes that the ALJ abused her discretion in refusing to consider the relevant medical evidence, this Court remands this matter for a further evaluation of her disability beyond October 2011 based on the complete record.

I.  **Background**[1]

Ms. Howe had worked as a shipping and receiving clerk, order picker, and storage facility rental clerk. She became disabled from a back and right shoulder work-related injury in 2009. She applied for disability on August 19, 2011. The application was denied on February 17, 2012 and upon reconsideration on February 27, 2012.

Ms. Howe requested an ALJ hearing, which was scheduled for March 25, 2013. Four calendar days before the hearing, Ms. Howe's attorney sent a letter attaching a highly relevant medical record that was not originally submitted along with all of the other medical records. The late-submitted record was a lumbar spine Residual Functional Capacity (RFC) questionnaire completed on October 7, 2011 by Ms. Howe's treating neurosurgeon Dr. Deus Cielo. (ECF No. 14 at 589-592). In that document, Dr. Cielo opined that Ms. Howe had an RFC of less than sedentary work. At the hearing, Ms. Howe's attorney explained that the late-submission was due to a clerical error.

> "Your honor, unfortunately, it was attached to another document. When I was reviewing the file, my paralegal found that it wasn't sent because it unfortunately got attached to another paper in the file. That's our only excuse."

(*Id.* at 41). The ALJ said she would take the explanation for the error under consideration. *Id.*

During the hearing, the ALJ called Dr. John A. Pelletier,[2] a specialist in internal medicine and pulmonary, as a medical expert, to opine about Ms. Howe's orthopedic neurological injuries. (*Id.* at 51). Ms. Howe's attorney attempted to cross-examine Dr. Pelletier using the late-submitted report from Ms. Howe's neurosurgeon. (*Id.* at 55). The ALJ refused to allow the medical record or the cross-examination. Ms. Howe's attorney responded:

---

[1] Because a decision in this case turns on a narrow procedural matter, the background facts presented here are abbreviated.
[2] For reasons unknown to the Court, Dr. Pelletier has been referred to as Dr. Pella in the record.

| | |
|---|---|
| "ATTY: | Again, my hands are tied, Your Honor, based on your ruling because that's where (the excluded record) she indicates what she can and cannot do. |
| ALJ: | Well . . . if your office was more careful, then the ruling would be different. I'm sorry. |
| ATTY: | Your Honor, I'll be the first to admit, we are not perfect and unfortunately I'll have to take that up --- |
| ALJ: | That's not good cause. Let's move on. |

(*Id.* at 66.) In her decision, the ALJ found Ms. Howe disabled and granted benefits for the July 2010 to October 2011 period. Her decision to deny benefits from October 2011 forward was based on internist Dr. Pelletier's opinion, which she gave substantial weight to, that Ms. Howe's back impairment had improved enough as of October 2011 to allow her to perform sedentary-level work. This opinion conflicts with Dr. Cielo's opinion in the rejected October 2011 RFC.

## II. Law[3]

The Social Security regulations require that any written evidence that an applicant wants the ALJ to consider at the hearing must be submitted "no later than 5 business days before the date of the scheduled hearing." 20 C.F.R. § 405.331(a). If a filing is late, the ALJ *may* decline to consider the evidence, but she *cannot* decline to consider it if "[s]ome other unusual, unexpected, or unavoidable circumstance beyond [the claimant's] control prevented [her] from submitting the evidence earlier." 20 C.F.R. § 405.331(b)(3). In the first instance, this regulation gives the ALJ discretion to accept the late-submitted evidence. If she decides to use her discretion to exclude the evidence, she cannot exercise that discretion if unusual, unexpected, or unavoidable circumstances cause the delayed submission.

---

[3] Because the Court rests its decision to remand on the fact that the ALJ refused to consider a piece of relevant evidence, it declines to set forth the entire legal framework that a full motion to reverse would implicate.

3

### III. Analysis

"[T]he Social Security Act should be construed liberally in order to further its remedial purposes." *Slessinger v. Sec'y of Health & Human Servs.*, 835 F.2d 937, 943 (1st Cir. 1987) (citing *Cunningham v. Harris*, 658 F.2d 239, 243 (4th Cir. 1981). Courts are

> bound to interpret the Social Security Act as a program of social insurance on which people can rely to provide for themselves and their dependents. Claimants are the beneficiaries of insured wage earners, not recipients of government gratuities, and are entitled to a broad construction of the Act. In practical terms, when a Social Security Act provision can be reasonably interpreted in favor of one seeking benefits, it should be so construed.

*Cunningham*, 658 F.2d at 243 (citations omitted). In furtherance of the remedial purposes, the "social security proceedings 'are not strictly adversarial.'" *Evangelista v. Sec'y of Health & Human Servs.*, 826 F.2d 136, 142 (1st Cir. 1987)) (quoting *Miranda v. Sec'y of Health & Human Servs.*, 514 F.2d 996, 998 (1st Cir. 1975)). Courts insist that "the Secretary bear a responsibility for adequate development of the record in these cases." *Id.*

Ms. Howe's attorney's office made a clerical error that he was able to rectify days before the hearing. Without any explanation or analysis, the ALJ simply rejected the submission of a highly relevant document from a treating physician whose expertise in Ms. Howe's condition is critical to a determination of her state of disability. The Court finds that to allow Ms. Howe's claim for disability to be evaluated without the benefit of this record would violate the tenants of the Social Security Act, raise form over substance, and be an abuse of discretion, especially in light of the ALJ's complete failure to explain her rationale for rejecting the document.

Moreover, the Court finds, under these circumstances, that an innocent clerical error like this is an "unusual or unexpected" circumstance beyond Ms. Howe's control as contemplated in

the regulation. To counter this point, the Commissioner relies on four R&Rs[4] from the District of Maine for the proposition that the standard for the admission of late-submitted evidence is a "rigorous one" and that attorney excusable neglect is insufficient to require an ALJ to accept the late submission. *Raymond v. Astrue*, No. 1:12-cv-92-DBH, 2012 WL 6913437 (D. Me. Dec. 31, 2012); *Newcomb v. Astrue*, No. 2:11-cv-02-GZS, 2012 WL 47961 (D. Me. Jan. 6, 2012); *Beaucage v. Astrue*, 2:10-326-JAW, 2011 WL 2600978 (D. Me. June 29, 2011); *Black v. Astrue*, No. 1:10-cv-175-JAW, 2011 WL 1226027 (D. Me. March 29, 2011). This Court finds this interpretation of the regulation unpersuasive and inapplicable to the present case. In light of the remedial nature of the statute, it is impermissible to read "rigor" into the law when its own language permits it to be read expansively, i.e. the fact that the ALJ *may* decline to consider the late-filed material, but is not required to do so and specifically is not allowed to discard it in a series of instances.

In this Court's opinion and according to circuit precedent, this statute is not meant to be applied rigorously or rigidly. The regulatory standard for an attorney's clerical error is much more like one of "excusable neglect" that is present in the common law and throughout the Federal Rules of Civil Procedure. As the United States Supreme Court held in the context of a bankruptcy rule:

> . . . the Rule's requirement that the party's neglect of the bar date be "excusable." It is this requirement that we believe will deter . . . parties from freely ignoring court-ordered deadlines in the hopes of winning a permissive reprieve under [the Rule]. With regard to determining whether a party's neglect of a deadline is excusable, . . . [b]ecause Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [applicant], the length of the delay and its potential impact on

---

[4] The same United States Magistrate Judge in the District of Maine wrote each of the four R&Rs the Commissioner cites.

> judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Court recognizes the ALJ's discretion, her heavy caseload, and the need for application submission deadlines in order to facilitate efficient consideration of disability cases. However, in this case, taking into account all of the relevant circumstances surrounding the party's late submission, and applying equitable principles to the situation, it is clear that the ALJ abused her discretion in not accepting and considering the late-submitted record.

### IV. Conclusion

Ms. Howe's Motion to Reverse the Decision of the Commissioner (ECF No. 18) is GRANTED and the Motion to Affirm the Decision of the Commissioner (ECF No. 19) is DENIED.[5] The Court REMANDS this proceeding under sentence four of 42 U.S.C. § 405(g) for submission of the disputed medical record and for further proceedings consistent with this opinion.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

December 4, 2015

---

[5] Because the Magistrate Judge in his R&R (ECF No. 23) concluded that the ALJ did not abuse her discretion and otherwise recommended that the Court affirm the Commissioner, pursuant to Fed. R. Civ. P 72(b)(3) and Ms. Howe's objection, the R&R is rejected.